## COLUMBIA LIFE INS. CO. v. HESS, Aud.

Ohio Appeals, 1st Dist., Hamilton Co.

Waite, Schindel & Bayless, Cincinnati, for Columbia Life Ins. Co.

Jones, Shook, Morrissey & Terry, Cincinnati, for Fed. Un. Life Ins. Co.

Maxwell & Ramsey, and Dinsmore & Sawyer, Cincinnati, for Un. Cent. Life.

Clyde P. Johnson, Cincinnati, for West. & So. Life Ins. Co.

Bettinger, Schmitt & Kreis, Cincinnati, for Ohio Nat. Life Ins.

Charles S. Bell, Pros. Atty., and Chester S. Durr, Cincinnati, for Hess.

CUSHING, J.

**INSURANCE—Taxes (560 C)**
(310 L2) Court of Appeals had jurisdiction, on appeal from court of common pleas, to hear and determine actions by life insurance companies to enjoin county auditor from changing tax returns by placing on tax duplicate full amount of mortgages, notes, book accounts, stocks, shares in building and loan companies, and other legal claims or demands or credits, without deducting therefrom debts of such company by reason of outstanding policies and notes.

**ACTIONS**
(10 Pc) County Auditor, being vested under Sections 5399 and 5406 GC., with jurisdiction to correct returns of taxation, was a proper party defendant in action by insurance companies to enjoin changing tax returns, his act being separate and distinct from that of levying and assessing authorities or that of collecting official under Sect. 12076 and 12077.

(10 I2b) Equity will enjoin an illegal act on part of an individual holding a state or county office.

**OFFICE and OFFICERS**
(400 M) A suit against an individual for the purpose of preventing him, as a public officer, from performing an act contrary to the statute, is not an action against the state or county, but is against individual, and he will be enjoined unless statute in question is unconstitutional.

**TAXES**
(560 R) Life insurance companies seeking to enjoin county auditor from changing tax returns wherein constitutionality of Sections 5327 and 9357 GC., was involved held not to have had an adequate remedy at law by application to board of revision created under Sections 5609 to 5611-3 from whose decision an appeal may be taken to tax commission and error prosecuted to court of common pleas, since under Sect. 1, Art. IV, Constitution, judicial power of state is in the courts therein named and authorized and auditor's report was neither a valuation nor an assessment which board of revision is authorized to review.

(560 R) Sections 5327 and 9357 GC., authorizing life insurance companies to treat reserve as debt of company in making tax returns, held not in violation of Section 2, Art. XII, Constitution, requiring taxation of all moneys, credits, investments in bonds, stock, joint-stock companies, or otherwise, under uniform rule, in view of Section 628 and 9362 GC., and Sect. 615 et set. (104 Ohio Laws, 842), relative to supervision and control by life insurance companies and imposing requirement for reserve.

(Buchwalter, J., concurs.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## F. D. LAWRENCE ELECT. CO. v. ENTERPRISE LUMB. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

Peck, Shaffer & Williams and Robt. N. Gorman, Cincinnati, for Electric Co.

Charles C. Benedict, Cincinnati, for Lumber Co.

HAMILTON, J.

**AUTOMOBILES.**
(50Ai) In action for damages growing out of collision between trucks at street intersection, instruction that plaintiff in crossing intersection was required to keep to the right of the center line connecting midpoints of two terminals of street on opposite sides held properly refused, where ordinance required that vehicle turning into another street on the left should pass to the right of and beyond the center of the street intersection before turning.

(50 Rdl) Traffic ordinance should be construed in a manner harmonizing it with other traffic ordinances of city, considering purpose intended to be accomplished.

(50 A2b) Submission to jury of question of location of intersection, in action for damages involving ordinance which required vehicles turning to left to pass beyond center of intersection, held not prejudicial.

(50 Ac) Ordinance providing that no vehicle shall cross any street at speed exceeding 7½ miles in business section of municipality and 10 miles in other portions held void, as conflicting with Sections 12608 and 12603, GC., (108 Ohio Laws, 471), fixing speed of motor vehicles and prohibiting modification by municipal regulations.

(50 Nj) In action for damages resulting from collision of trucks at intersection, instruction permitting jury to find that violation of ordinance fixing speed limit at street intersections constituted negligence held error prejudicial to plaintiff, where ordinance was inoperative because violating Sections 12608 and 12603 GC., (108 Ohio Laws, 471), and where jury may have found plaintiff guilty of contributory negligence.

(Cushing and Buchwalter, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.